ALBERT DAUSCH, *Admr. vs.* JOHN MOSUR.

JULY 7, 1939.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CONDON, J. This is an action of debt on judgment. It was tried before a justice of the superior court sitting without a jury and resulted in a decision for the plaintiff. The defendant excepted to this decision and the case is here on his bill of exceptions.

While operating his automobile in New York the defendant ran into and killed Richard Dausch. Albert Dausch was appointed administrator of the deceased's estate and brought suit for damages in the supreme court of New York, sitting at Monticello, in Sullivan county, against the defendant for the death of his intestate. The defendant defaulted and judgment was entered for the plaintiff on May 28, 1936.

Subsequently the defendant, by his attorney, appeared and answered the declaration, filed certain affidavits and moved to vacate that judgment.

After a hearing before a justice of the supreme court on this motion, an order vacating the judgment on certain specified conditions to be performed by defendant was duly entered. The conditions therein specified were never complied with by the defendant, and his counsel informed plaintiff's counsel that the defendant would not comply with the order. No part of the judgment has ever been paid by the defendant.

In the instant action of debt on this judgment the defendant contended in the superior court that the New York supreme court had never obtained jurisdiction over him in the original action for damages in that court, and therefore that he was not bound by the judgment which the plaintiff had obtained against him. Evidence was presented by both sides on the question of whether, at the time defendant was served by substituted service, he was a resident of New York. The trial justice found as a fact that defendant was such resident and the defendant excepted.

The plaintiff contended before the trial justice that defendant was estopped as a matter of law from setting up that he was not subject to the jurisdiction of the New York court because of his action in appearing by counsel and filing a motion to vacate the default judgment and also a general answer to the plaintiff's declaration. The trial justice, however, declined to rule on this contention saying that he saw no need for him to decide this question in view of his finding of fact that the defendant was an actual resident of New York and subject to the jurisdiction of the New York court at the time substituted service was had on him in accordance with the laws of that state.

When the case came on to be heard before us it transpired that counsel for the defendant had reached the conclusion, after some research, that there was no support for his contention that he was not estopped by filing his general answer to plaintiff's declaration in the New York court and by moving to vacate the default judgment there. In his brief he recognizes that the law generally is to the effect that where lack of jurisdiction does not appear on the face of the proceedings, but facts not of record must be shown to defeat jurisdiction, the question of lack of jurisdiction must be raised by a special plea unless some other mode of proceeding is prescribed or authorized by statute. 49 C. J. 229. No such plea was filed by the defendant in the case in New York.

Defendant's counsel also admitted before us that the weight of authority in the United States is to the effect that by filing a general answer defendant waives any right he may have to assail the jurisdiction of the court before which his cause is being heard. He cites in his brief *Kevorko* v. *Vaitkunas,* 54 R. I. 8; *Gorman* v. *Stillman,* 25 R. I. 55, 58, and concludes therefrom that Rhode Island is in accord with the weight of authority.

Having thus satisfied himself of the effect in law of the filing of a general answer without at the same time specially objecting to the jurisdiction of the New York court over him in the original action for damages, the defendant recognized the futility of pressing his exception in the instant case to the decision of the trial justice finding as a fact that the New York court had jurisdiction. Defendant's counsel, accordingly, in appearing before us, neither argued that exception nor briefed it.

The defendant's exception, being neither briefed nor argued, is waived. There being no other exception, the case

is remitted to the superior court for entry of judgment on the decision.

*Francis I. McCanna,* for plaintiff.

*Stephen J. Casey, James H. Hagan, Jr.,* for defendant.